Pazie CONNORS, etc., Plaintiff,
Appellant,

v.

Patrolman Joseph McNULTY, et al.,
Defendants, Appellees.

No. 82–1384.

United States Court of Appeals,
First Circuit.

Argued Oct. 7, 1982.

Decided Jan. 7, 1983.

As Amended on Denial of Rehearing
Feb. 8, 1983.

---

Edward L. Gerstein, Providence, R.I., with whom Gerstein & Stolle, Walter R. Stone, and Stone, Clifton & Clifton, Providence, R.I., were on brief, for plaintiff, appellant.

Joseph F. Penza, Jr., Providence, R.I., with whom Olenn & Penza, Providence, R.I., was on brief, for defendants, appellees.

Before PECK,* Senior Circuit Judge, CAMPBELL and BREYER, Circuit Judges.

JOHN W. PECK, Senior Circuit Judge.

On the night of February 11, 1978, Ralph G. Connors, while fleeing from the commission of a burglary, was shot to death by Providence, Rhode Island patrolmen Joseph McNulty and Robert Hart. Connors's wife, Pazie, individually, on behalf of decedent's minor children, and as administratrix of the decedent's estate,[1] filed suit in the United States District Court for the District of Rhode Island seeking damages under the Rhode Island Wrongful Death Act, R.I.Gen.

* Of the Sixth Circuit, sitting by designation.

1. The term "plaintiff" is used to refer to Pazie Connors; the name "Connors" is used to refer to the decedent, Ralph G. Connors.

Laws §§ 10–7–1 *et seq.*, and under 42 U.S.C. § 1983. At trial, officers McNulty and Hart raised the good faith defense with respect to the claim raised under § 1983. The jury found the officers not liable to the plaintiff on either the state or the federal ground. The district court entered judgment on that verdict. Plaintiff has appealed this judgment on the ground that the district court committed reversible error in its instructions to the jury with respect to the good faith defense and in failing to instruct the jury concerning excessive force. Because we find any error not to be prejudicial, we affirm.

The facts from which this case arose may be summarized briefly. As a result of a severe snowstorm that had struck Rhode Island, officers of the Providence Police Department were assigned, as of February 6, 1978, to shifts of twenty-four hours on duty and twenty-four hours off duty. Officers McNulty and Hart reported for duty at approximately 12:01 a.m. on February 11, 1978. At 10:52 p.m. the officers responded to a dispatch that a break-in was in progress at a warehouse located near Booth Street. Due to a ten to twelve foot wall of snow across Booth Street, the officers were required to drive by a circuitous route to a donut store near the warehouse where they parked their vehicle. After the officers had approached the warehouse courtyard on foot and observed a table lying outside the building, Officer Hart saw the legs of a person in the warehouse through a door, the bottom panel of which was missing. The person inside disappeared when the officers shouted "police." The officers entered the warehouse in pursuit. After going down a corridor, the officers heard a person behind them. Officer Hart aimed his flashlight at the person who was running toward the door and shouted, "Police, halt." Officer McNulty almost simultaneously ordered the person to halt; a second later, he fired one shot. The officers pursued the fleeing person. Upon leaving the warehouse, officer Hart again ordered the person to halt and

identified himself as a police officer. When the person continued to flee, officer Hart fired a shot at him. After further pursuit on foot, both officers stopped and fired. The person stumbled, fell, got up and ran onto Booth Street in the direction of the wall of snow. When officer Hart reached Booth Street, he again fired and the person stumbled, fell, and upon getting up, ran in a stumbling fashion before collapsing in the snow. The man, who was Connors, was unarmed. A rescue squad took Connors to a hospital where he died of gunshot wounds.

Plaintiff filed suit against the officers for compensatory damages under § 1983 and the Rhode Island Wrongful Death Act, and for punitive damages under § 1983. At trial, plaintiff contended that the officers, by shooting Connors, deprived him of his Fourteenth Amendment rights to life and liberty without due process, and were liable under § 1983. Plaintiff contended that the officers were liable under the Wrongful Death Act on the ground that the shooting was unlawful.

The officers defended against both the § 1983 and the Wrongful Death Act claim by arguing that their action was lawful in light of R.I.Gen.Laws § 12–7–9, which provides:

> A police officer may use force dangerous to human life to make a lawful arrest for committing or attempting to commit a felony, whenever he reasonably believes that such force is necessary to effect the arrest and that the person to be arrested is aware that a peace officer is attempting to arrest him.[2]

With respect to the § 1983 claim the officers also raised the good faith defense. *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Wood v. Strickland,* 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975). The jury found the officers not liable to the plaintiff on either the federal or the state ground.

■ The plaintiff first challenges the jury instructions given with respect to the

---

**2.** The officers also relied upon Internal Operations Manual of the Providence Police Department § 314.11, which provides:

> 314.11. Force Dangerous to Human Life— An officer shall not use force dangerous to human life, unless it is to prevent the escape of a felon or in the defense of his own life or the life and property of another. The use of

firearms in attempting to arrest a person fleeing from arrest after the commission of a misdemeanor is prohibited. Simple larcenies and assaults, minor traffic violations or the like are misdemeanors. Necessity is the keynote of the law regarding the use of firearms and such necessity must have real severity.

good faith defense. The standard of review to be applied by this Court is quite clear: an error in jury instructions will mandate reversal of a judgment only if the error is determined to have been prejudicial, based on a review of the record as a whole. *DeVasto v. Faherty,* 658 F.2d 859, 863 (1st Cir.1981); *Smiddy v. Varney,* 665 F.2d 261, 265 (9th Cir.1981), *cert. denied,* —— U.S. ——, 103 S.Ct. 65, 74 L.Ed.2d 66 (1982). Accordingly, the plaintiff must demonstrate both that the charge was erroneous and that the error was prejudicial.

The trial court gave the following instructions concerning the good faith defense to the jury:

> Even if plaintiff has proved that a defendant deprived Mr. Connors of life or liberty without due process of law, that defendant has an opportunity to prove that he nevertheless acted in good faith. If a defendant proves by a preponderance of the evidence that he acted in good faith, he cannot be held liable under Section 1983. *This defense is different from the plaintiff's burden of proof in that you do not consider whether a defendant's belief was reasonable or not,* and but whether a defendant held a good faith belief that his actions were authorized by state law.

(Emphasis added).

■ We agree with the plaintiff that this instruction was erroneous. In *DeVasto v. Faherty,* 658 F.2d 859, 865 (1st Cir.1981), this Court outlined the two conditions that must be met for a police officer to be able to invoke the good faith defense in defending against a § 1983 action:

> "[i]t is the existence of reasonable grounds for the belief formed at the time and in light of all the circumstances, coupled with good-faith belief, that affords a basis for qualified immunity of executive officers for acts performed in the course of official conduct." *Scheuer v. Rhodes, supra,* [416 U.S. 232] at 247–248 [94 S.Ct. 1683 at 1691–92, 40 L.Ed.2d 90]. The

applicable test focuses not only on whether the official has an objectively reasonable basis for that belief, but also on whether "[t]he official himself [is] acting sincerely and with a belief that he is doing right," *Wood v. Strickland, supra,* [420 U.S. 308] at 321 [95 S.Ct. 992 at 1000, 43 L.Ed.2d 214].

(quoting *Gomez v. Toledo,* 446 U.S. 635, 641, 100 S.Ct. 1920, 1924, 64 L.Ed.2d 572, 578 (1980)). The test established is two-fold: one prong is subjective and focuses on the actual belief of the officer; the other prong is objective and focuses on whether the officer's belief is objectively reasonable. Because the trial court here expressly instructed the jury not to consider the second prong of this test, the jury instructions were erroneous.

■ We do not agree, however, with the plaintiff that the error was prejudicial. We conclude from our careful review of the record as a whole that the error did not affect the substantive rights of the plaintiff. *Fireman's Fund American Insurance Co. v. Almacenes Miramar, Inc.,* 649 F.2d 21, 29 (1st Cir.1981).

In order for the jury to find the officers liable under § 1983, the plaintiff first had to prove that the officers' shooting of Connors deprived Connors of his Fourteenth Amendment rights to life and liberty without due process. The trial court properly instructed the jury to consider the good faith defense only if the plaintiff proved a violation of Connors's Fourteenth Amendment rights. *Gomez v. Toledo,* 446 U.S. 635, 639–41, 100 S.Ct. 1920, 1923–1924, 64 L.Ed.2d 572 (1980). The trial court instructed the jury that to prove such a violation in this case the plaintiff must prove that the officers violated R.I.Gen.Laws § 12–7–9. The district court also instructed the jury that the officers could be found liable under the Rhode Island Wrongful Death Act if and only if the plaintiff had proven that the officers violated R.I.Gen.

Laws § 12–7–9 by shooting Connors to death. Because the jury found that the officers were not liable under the Rhode Island Wrongful Death Act, the jury necessarily found that the officers did not violate R.I.Gen.Laws § 12–7–9. Accordingly, the jury never reached the issue of the good faith defense and any error on that defense was not prejudicial. *Cf. Allen v. McCurry,* 449 U.S. 90, 102 n. 18, 101 S.Ct. 411, 419 n. 18, 66 L.Ed.2d 308 (1980).

■ The plaintiff also contends that the trial court erred in refusing to instruct the jury that the use of excessive or unreasonable force violated Connors's Fourteenth Amendment rights. In her brief, plaintiff concedes that an officer has the right to use such force as he may reasonably believe necessary to properly discharge his duty. *See Michigan v. DeFillippo,* 443 U.S. 31, 38, 99 S.Ct. 2627, 2632, 61 L.Ed.2d 343 (1979); *Maiorana v. MacDonald,* 596 F.2d 1072 (1st Cir.1979). Because the trial judge instructed the jury that for the use of life-endangering force not to violate Connors's Fourteenth Amendment rights "the arresting officer or officers must reasonably believe that force dangerous to human life is necessary to effect the arrest . . .," we find the jury instruction given by the trial court to accurately and sufficiently state the applicable law. Accordingly, the trial court's refusal to instruct the jury as the plaintiff requested was not error.

For the reasons stated above, we affirm the judgment entered by the district court.